IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ANTHONY R. DUREN and SHAWNESE T. DUREN<br>    Debtor(s),<br>Wells Fargo Bank, N.A., as Trustee for the MASTR Asset Backed Securities Trust 2007-NCW Mortgage Pass-Through Certificates Series 2007-NCW<br>    Movant.<br>v.<br><br>ANTHONY R. DUREN and SHAWNESE T. DUREN<br>    Debtors/Respondents,<br><br>Kenneth E. West<br>    Additional Respondent. | BANKRUPTCY CASE NUMBER<br>23-10987 - PMM<br><br>CHAPTER 13<br><br>11 U.S.C. § 362<br><br>HEARING DATE AND TIME:<br>August 8, 2023 at 10:00 A.M.<br><br>_____<br><br>COURTROOM NO. 1 |

**MOTION OF WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE MASTR ASSET BACKED SECURITIES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION §362 (D) AND §1301**

Secured Creditor, Wells Fargo Bank, N.A., as Trustee for the MASTR Asset Backed Securities Trust 2007-NCW Mortgage Pass-Through Certificates Series 2007-NCW ("Movant"), by and through its undersigned counsel, pursuant to 11 U.S.C. §362 and §1301, hereby seeks relief from the automatic stay to exercise and enforce its rights, without limitation, with respect to certain real property. In support of this motion, Movant avers as follows:

1. Debtors named above filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania under the above case number.

2. Movant is the holder of a claim against Debtor Shawnese Duren by virtue of a Note and Mortgage given as to real property known as mortgage lien on real estate which is the principal residence of Debtor located at 982 MacDade Boulevard, Yeadon, PA 19050 (the "Mortgaged Premises").

3. Movant, directly or through an agent, has possession of the promissory note.

4. Movant will enforce the promissory note as transferee in possession.

5. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

6. The filing of the aforesaid Petition operated as an automatic stay under Section 362(a) of the Bankruptcy Code of proceedings.

7. Additional Respondent is the Standing Trustee appointed in this Chapter 13 proceeding.

8. Debtor Shawnese Duren is the owner of the real property known as 982 MacDade Boulevard, Yeadon, PA 19050 and is the only mortgagor and obligor on the note referenced herein below.

9. Movant requests relief from the automatic stay to continue with filing a quiet tile action in the Court of Common Pleas, Delaware County.

10. Movant discovered the original first mortgage was never recorded.

11. As security for a loan obtained by Ms. Duren in the amount of $106,000 (the "First Loan") obtained by Ms. Duren from New Century Mortgage Corporation ("New Century") on February 28, 2007, Ms. Duren executed and delivered a purchase money mortgage in the amount of $106,000 (the "First Mortgage") in favor of Mortgage Electronic Registration.

12. A true and correct copy of the unrecorded First Mortgage is attached hereto as Exhibit "A" and incorporated herein by reference.

13. Movant is the successor in interest to New Century Mortgage Corporation as to the mortgage labeled as Exhibit "A", and it currently possesses the Note.

14. Therefore, Movant has the right under Pennsylvania law to pursue legal action on the Note and accompanying Mortgage.

15. A true and correct copy of the original endorsed Note signed by Defendant is attached as Exhibit "B."

16. The Mortgage referenced as Exhibit "A" was never recorded, despite the intention that it would be recorded and be in senior lien position.

17. The Debtor has listed the mortgage as a perfected security interest and the Debtor intends to cure the arrears through her bankruptcy plan.

18. Therefore, The Debtor is not prejudiced by this request for relief.

19. The Debtor modified the subject mortgage 3 times.

20. A True and correct copy of the Third Modification Agreement is attached hereto as Exhibit "C" and incorporated herein by reference.

21. This modification modified the obligation to incorporate payment arrears into the obligation, bringing her loan current.

22. As consideration, Ms. Duren agreed to assist with re-executing documents and any other steps necessary to correct errors, omissions or lost items. See Exhibit "C", Copy of Third Modification, Paragraph 4(N).

23. Movant would like to seek relief from stay to go to state court and pursue a quiet title action to record the purchase money mortgage.

24. An adversary proceeding is not the only method for adjudicating the validity and priority of a lien. *In Re Brown*, 311 B.R. 409, 2004 E.D. Pa..

25. Movant has demonstrated cause for which this Honorable Court should grant it relief from the automatic stay to return to state Court to seek a Quiet Title Order.

26. Movant requests that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

WHEREFORE, Movant respectfully moves this Court for an Order (i) granting Movant relief from the automatic stay to seek a quiet title action in the Court of Common Pleas in Delaware County, Pennsylvania and granting all such other and further relief as the Court deems appropriate and necessary.

Respectfully submitted,

Dated: **July 6, 2023**

BY: **/s/ Kristen D. Little**
Kristen D. Little, Esquire
PA Bar ID No. 79992
First American Law Group, a Division of First American Title In. Company
1235 WESTLAKES DR. SUITE 400
BERWYN, PA 19312
TELEPHONE: 610-233-4200
E-MAIL: krlittle@firstam.com