IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| IN RE: ANTHONY R. DUREN | ) | |
| SHAWNESE T. DUREN | ) | CHAPTER 13 |
| **Debtor(s)** | ) | |
| | ) | CASE NO. 23-10987 (PMM) |
| FLAGSHIP CREDIT ACCEPTANCE | ) | |
| **Moving Party** | ) | |
| | ) | HEARING DATE: **3-27-24 at 1:00 PM** |
| v. | ) | |
| | ) | |
| ANTHONY R. DUREN | ) | 11 U.S.C. 362 |
| SHAWNESE T. DUREN | ) | |
| **Respondent(s)** | ) | |
| | ) | |
| KENNETH E. WEST | ) | |
| **Trustee** | ) | |
| | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Flagship Credit Acceptance ("Flagship Credit") filing this its Motion For Relief From The Automatic Stay ("Motion"), and in support thereof, would respectfully show:

1. That on April 4, 2023, Anthony and Shawnese Duren filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. This Court has jurisdiction of the Motion by virtue of 11 U.S.C. 105, 361 and 362 and 28 U.S.C. 157 and 1334.

3. On October 12, 2018, the Debtor(s) entered into a retail installment contract for the purchase of a 2013 Infiniti JX35 bearing vehicle identification number 5N1AL0MMXDC302498. The contract was assigned to Flagship Credit Acceptance and the Debtors became indebted to Flagship Credit in accordance with the terms of same. Flagship Credit Acceptance is designated as first lien holder on the title to the vehicle and holds a first purchase money security interest in the vehicle. A true copy of the contract and title inquiry to the vehicle are annexed hereto as Exhibits A and B.

    4.  The Debtors' account is past due from September 11, 2023 to February 11, 2024 with arrears in the amount of $2,946.48.

    5.  As of February 21, 2024, the Debtors' account with Flagship Credit had a net loan balance of $9,203.92.

    6.  According to the March 2024 NADA Official Used Car Guide, the vehicle has a current retail value of $8,600.00.

    7.  Flagship Credit Acceptance alleges that the automatic stay should be lifted for cause under 11 U.S.C. 362(d)(1) in that Flagship Credit lacks adequate protection of its interest in the vehicle as evidenced by the following:

        (a)  The Debtors are failing to make payments to Flagship Credit and are failing to provide Flagship Credit with adequate protection.

    WHEREFORE PREMISES CONSIDERED, Flagship Credit Acceptance respectfully requests that upon final hearing of this Motion, (1) the automatic stay will be terminated as to Flagship Credit to permit Flagship Credit to seek its statutory and other available remedies; (2) that the stay terminate upon entry of this Order pursuant to the authority granted by Fed.R.Bank.P., Rule 4001(a)(3) and (3) Flagship Credit be granted such other and further relief as is just.

Respectfully submitted,

/s/ William E. Craig
William E. Craig
Eisenberg Gold & Agrawal, P.C.
1040 Kings Highway North #200
Cherry Hill, NJ 08034
(856) 330-6200
Attorney ID: 92329
Local Counsel for Flagship Credit Acceptance